# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Loner Blue, a/k/a Scott Glenn Kendall,　　　　　Civil No.: 10-CV-87 (DSD/AJB)

　　　　　　　　　　　Petitioner,

vs.　　　　　　　　　　　　　　　　　　　　**REPORT AND RECOMMENDATION**

Joan Fabian, Commissioner of Corrections,
Jessica Symmes, MCF-OPH Warden,

　　　　　　　　　　　Respondents.

---

　　　　This matter is before the Court, Chief Magistrate Judge Arthur J. Boylan, on Loner Blue's ("Petitioner") petition [Docket No. 1] for habeas corpus relief by a person in state custody under 28 U.S.C. § 2254. The action has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(a).

　　　　For the reasons set forth below, the Court concludes that Petitioner has failed to properly exhaust his procedural remedies. Therefore, it is recommended that the petition [Docket No. 1] be **DISMISSED WITHOUT PREJUDICE**.

## I. INTRODUCTION

　　　　Petitioner is a state prison inmate and is currently designated to the Minnesota Correctional Facility of Oak Park Heights. Petitioner is serving a 292-month sentence, and he has been disciplined with over 1500 days of extended incarceration in addition to segregation penalties and loss of privileges. Fink Aff. RA 6-7.[1] Petitioner's supervised release date is October 18, 2013. [Docket No. 1 p. 7]. Petitioner alleges that he is being confined in violation of his federal constitutional rights. Specifically, Petitioner alleges that he was unlawfully

---

[1] RA refers to the Respondent's Appendix in court docket No. 8.

disciplined with segregation time and extended incarceration for noncompliance in violation of the Eighth Amendment. Pet'r Br. p. 3. Petitioner admits to violations, such as multiple infractions for not standing during count. [Docket No. 1 p. 7]. Petitioner has numerous violations on record at Oak Park prison with infractions commencing on June 7, 2003. Fink Aff. RA 13.[2] From 2003 to 2006, Petitioner's infractions accumulated and Petitioner is now subject to being held in segregation status until October 18, 2013. [Docket No. 1 p. 7]. Petitioner argues that it is cruel and unusual punishment for the correctional facility to subject him to the lengthy solitary confinement period under which he has been and continues to be confined. Id.

## II. BACKGROUND

### A. Procedural History

Petitioner filed a state petition for a writ of habeas corpus under Minn. Stat. § 589.01 in Washington County District Court, for which the Washington County District Court denied Petitioner's request for *in forma pauperis* status. Fink Aff. RA 1. The state district court dismissed the petition for a writ of habeas corpus with prejudice on August 5, 2009 pursuant to Minn. Stat. § 563.02. Id. Petitioner appealed the district court order to the Minnesota Court of Appeals on August 25, 2009. Fink Aff. RA 3. The Minnesota Court of Appeals issued an order on October 16, 2009, directing appellant to either pay the $550 filing fee or file a copy of a district court order granting appellant leave to proceed *in forma pauperis* on appeal, along with proof of service for the appeal papers, including a statement of the case and a brief. Fink Aff. RA 4. The order stated that failure to comply by October 30, 2009 would result in dismissal of Petitioner's appeal. Id. Petitioner failed to file a motion in district court for leave to proceed *in forma pauperis* on appeal, per Minn. R. Civ. App. P. 109.02. In addition, Petitioner failed to file

---

[2] Discipline History Report

2

a notice of appeal with the clerk of appellate courts and further failed to serve the notice on the adverse parties within the appeal period required under Minn. R. Civ. App. P. 103.01, subd. 1. On November 4, 2009, the Minnesota Court of Appeals dismissed the action because Petitioner failed to fully comply or submit a response to the October 16, 2009 order, thus failing to establish appellate court jurisdiction. Id. Petitioner filed a petition for review to the Minnesota Supreme Court, which was denied on December 23, 2009. Fink Aff. RA 5.

On January 11, 2010, Petitioner filed this writ pursuant to 28 U.S.C. § 2254 for habeas corpus relief by a person in state custody. Petitioner alleges that he was unlawfully disciplined with segregation time and extended incarceration for noncompliance in violation of the Eighth Amendment. On January 13, 2010, Chief Magistrate Judge Arthur J. Boylan ordered a response from Respondent within 30 days of the order. [Docket No. 3]. The Respondent filed a motion to dismiss the petition on February 12, 2010. [Docket No. 5]. On February 12, 2010, the Respondent's answer and notice were timely served upon the Petitioner at the Oak Park Heights prison. Fink Aff. II.[3] The February 12, 2010, filing was returned to Krista Fink, associate legal counsel for the Minnesota Department of Corrections, after Petitioner refused to receive it because the envelope had been opened up prior to him receiving it.[4] Id.

The Respondents subsequently amended the title on its response to an answer, instead of a motion to dismiss, on February 19, 2010. [Docket No. 7]. The February 19, 2010 amended response was served upon Petitioner by first class mail. Fink Aff. II. The amended response was

---

[3] Fink Aff. II refers to Krista Fink's second filed affidavit at Docket No. 10.

[4] Petitioner contends that he did not receive it until February 17, 2010.

3

returned to Krista Fink on February 26, 2010. Id. The Petitioner again stated that the envelope was opened outside his presence, and that he did not receive it until February 23, 2010.[5] Id.

### III. DISCUSSION

**A. Exhaustion**

Generally, a federal court cannot consider the merits of a habeas petition filed by a state prisoner unless the petitioner has exhausted all of the available state court remedies with respect to each of the claims that are presented to the federal court. See 28 U.S.C. § 2254(b) & (c). The exhaustion doctrine is principally designed to protect the state court's role in the enforcement of federal law, which means that states should be given the initial opportunity to address and correct alleged violations of state prisoner's federal rights. Coleman v. Thompson, 501 U.S. 722, 731 (1991). A claim is exhausted "when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Krimmel v. Hopkins, 56 F.3d 873, 876 (8th Cir. 1995). Also, a prisoner must proceed through one full round of the state's appellate review process whereby the state's established appellate review process is given one full opportunity to resolve any constitutional issues. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In other words, a prisoner must fairly present all of his constitutional claims to the highest available state court before seeking relief in federal court. Id. at 847.

A claim may not go forward under 28 U.S.C. § 2254 if the claim has not been fairly presented. The court will "ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts." Boerckel, 526 U.S. at 848. To be fairly presented "a petitioner is

---

[5] In accordance with prison policy, legal mail is opened and inspected in the presence of the offender. However, legal mail is correspondence that is addressed to an offender. Since Respondent's answer and amended answer were not addressed to an offender, the filings were properly inspected prior to the delivery to the Petitioner. Fink Aff. II.

required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." Cox v. Burger, 398 F.3d 1025, 1031 (8th Cir. 2005). Petitioner "must have informed the state court of both the factual and legal premises of the claim." Cox v. Lockhart, 970 F.2d 448, 453-54 (8th Cir. 1992

Petitioner argues he has been subjected to cruel and unusual punishment because the Oak Park Heights prison segregated Petitioner for failing to comply with prison rules. Petitioner alleges that it is cruel and unusual punishment to segregate a prisoner for such a long period of time because his non-violent protest ended on May 1, 2004. Pet'r Br. p. 3. Petitioner has failed properly present to his Eighth Amendment claim to the Minnesota Court of Appeals because he failed to follow the procedures of the state court. Fink Aff. RA 4. Specifically, the Minnesota Court of Appeals was not presented with the Eighth Amendment issues because Petitioner's case was dismissed for failure to follow the procedures. Petitioner's habeas corpus petition is barred from federal court because he has failed to exhaust his state remedies.

**B. Procedural Default**

Respondent has argued that Petitioner has procedurally defaulted his claim. When a prisoner has failed to fairly present federal claims in state court, the federal court must determine whether the state procedural rules would allow hearing the claims on the merits in a subsequent state court proceeding. McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997). If state procedural rules preclude hearing petitioner's claims on the merits, the petitioner has procedurally defaulted unless the petitioner is able to demonstrate either cause for his default and actual prejudice or that the failure to consider the claims would result in a fundamental miscarriage of justice. Id. at 758.

The rules governing procedural default have been summarized by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violations of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman v. Thompson, 501 U.S. 722, 750 (1991).

The fundamental miscarriage of justice" exception is available only upon "showing, based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent." Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995), *cert. denied*, 516 U.S. 298, 327 (1995).

Petitioner's does not appear to be barred under the Minnesota habeas statute, because there is no statute of limitations for a habeas petition. See Minn. Stat. § 589.01. Respondent attached an exhibit with its affidavit that shows the disciplinary history of the Petitioner. Fink Aff. RA 13. The disciplinary history fails to explain the specific infractions, or give explanations to the segregation time for each offense. However, the record is insufficient to make determinations as a matter of law that the claim regarding segregation is procedurally defaulted.

**C.  Eighth Amendment**

On the current record Petitioner's claim fails on the merits because he has not alleged facts to implicate the Eighth Amendment's protection against cruel and unusual punishment. The crux of Petitioner's argument is that he has been subjected to cruel and unusual punishment because the Minnesota Department of Corrections put him on segregation status since January 3, 2002 for essentially non-violent protests which ended on May 1, 2004, and he has remained in

segregation since that time. [Docket No. 1]. The defendant must show two things to prevail on a cruel and unusual punishment claim under the Eight Amendment claim: (1) the inmate must prove, objectively, that the prison official's acts or omissions resulted in the denial of "the minimal civilized measure of life's necessities;" or the prison official incarcerated the inmate under conditions "posing a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834 (1994), and (2) the prison official, subjectively, must have acted with "deliberate indifference" to inmate health or safety. Id.

Petitioner alleges that the mere fact of extended segregation is enough to show a violation of the Eighth Amendment. However, "[s]olitary confinement is not unconstitutional in and of itself." Porth v. Farrier, 934 F.2d 154, 156 (8th Cir. 1991). The Petitioner must allege specific circumstances and conditions that lead to cruel and unusual punishment. Id. Petitioner fails to present specific facts that objectively support an Eighth Amendment violation. In addition, the Petitioner has not shown any facts to support any assertion that the prison official's acts posed substantial interference to Petitioner's health or safety. The Petitioner's discipline history shows numerous infractions for which he was penalized. Fink Aff. RA 8-16. The Petitioner admits to violating the rules in his habeas petition, and fails to show facts that support that the prison's punishment for these infractions support a finding of cruel and unusual punishment. The Petitioner does not allege the necessary facts to prove either prong for a valid claim that the prison violated the Petitioner's Eighth Amendment rights. The court refrains from making a specific recommendation on the merits in light of petitioner's failure to exhaust state remedies as to the Eighth Amendment issue.

**CERTIFICATE OF APPEALABILITY**

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would adjudicate the current petition any differently than the Court is recommending here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should <u>not</u> be granted a COA in this matter.

**RECOMMENDATION**

Based on the foregoing, and all the files, records, and proceeding herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus [Docket No. 1] be **DENIED**; and
2. This action be **DISMISSED WITHOUT PREJUDICE**; and
3. Petitioner should **NOT** be granted a Certificate of Appealability.


DATED:  December 8, 2010

                                                     s/ Arthur J. Boylan
                                                     Arthur J. Boylan
                                                     United States Chief Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before December 23, 2010.